UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>ADAM T MEEKIN<br><br>    Defendant. | CASE NUMBER: 1:19CR35-001<br>USM Number: 17945-027<br><br>MICHELLE F KRAUS<br>DEFENDANT'S ATTORNEY |
|---|---|

## ** AMENDED JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pled guilty to Counts 1 and 3 of the Indictment on January 5, 2022.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:922(a)(1)(A) AND 18:923(a): ENGAGING IN THE BUSINESS OF DEALING AND MANUFACTURING FIREARMS WITHOUT A LICENSE | April 30, 2019 | 1 |
| 26:5841(d) AND 26:5861(d): UNLAWFUL POSSESSION OF AN UNREGISTERED FIREARM | April 30, 2019 | 3 |

The Defendant is sentenced as provided in pages 3 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Indictment is DISMISSED on Government motion.

IT IS ORDERED that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs

and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in economic circumstances.

| | |
|---|---|
| May 10, 2023 | |
| Date of Imposition of Judgment | |
| s/ Holly A. Brady | |
| Signature of Judge | |
| Holly A. Brady, Judge, U. S. District Court | |
| Name and Title of Judge | |
| May 16, 2023 | |
| Date | |

** Amended to include the amount of restitution in the table of assessment, fine and restitution amounts.

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **54 MONTHS** consisting of **54 MONTHS** on Count 1 and **54 MONTHS** on Count 3 to run concurrent to Count 1.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant serve his term of imprisonment at the federal facility in Milan, Michigan to facilitate visitation with family and friends.

2. That the Defendant be considered for enrollment in any Evidence Based Recidivism Reduction Programs or other programs implemented by the BOP to allow the Defendant to earn early release credits under the First Step Act.

3. That the Defendant participate in residential re-entry programs specific to his needs, as available under the First Step Act.

4. That the Defendant be assessed for participation in the Evidence Based Recidivisim Reduction Program (pursuant to the First Step Act) as well as any recidivism programs developed or to be developed under 34 U.S.C. § 605.

The Defendant shall surrender to the Federal Bureau of Prisons as notified by the United States Marshal's Service.

## RETURN

I have executed this Judgment as follows:

    Defendant delivered _____ to _____ at _____,
with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **2 YEARS** on Count 1 and **2 YEARS** on Count 3 to run concurrent to Count 1**.**

# CONDITIONS OF SUPERVISED RELEASE

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall make restitution in accordance with 18 U.S.C. §§3663 and 3663A, or any other statute authorizing a sentence of restitution.

3. The Defendant shall not unlawfully possess a controlled substance.

4. The Defendant shall refrain from any unlawful use of a controlled substance.

5. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

6. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for United States Probation and Pretrial Services (http://www.innp.uscourts.gov/files/inncountymapjpg).

7. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

8. The Defendant shall answer inquiries by a probation officer pertaining to the Defendant's supervision and notify the probation officer within 72 hours of any change of residence or change of employer. This condition does not prevent the Defendant from invoking his ifth Amendment privilege against self-incrimination.

9. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a police officer.

10. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5D1.3:**

12. The Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the Defendant is in compliance with the installment payment schedule imposed for payment of restitution.

13. The Defendant shall provide a probation officer with specific financial information regarding the Defendant's ability to pay restitution and forfeiture, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the Defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the Defendant's current ability to pay.

14. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

15. If a fine is imposed and has not been paid upon release to supervised release, the Defendant shall adhere to an installment schedule to pay that fine.

## DIRECTIVE TO PROBATION

Within 72 hours of Defendant's release from prison, the probation officer is to meet with and remind the Defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the Defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of Defendant's placement on supervision so that it may consider any appropriate modifications to the Defendant's supervised release and schedule a hearing on that topic, if necessary. The Defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

# CRIMINAL MONETARY PENALTIES

The Court **ORDERS** the Defendant to pay restitution to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately, to be disbursed to the following Victim(s):

| | |
|---|---|
| U.S. Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives | $3,000.00 |

Restitution shall be paid at a minimum rate of $100.00 per month commencing 30 days after placement on supervision until said amount is paid in full. The imposed payment schedule will remain in effect until such time as the Court is notified by the Defendant, Victim, or Government that there has been a material change in the Defendant's ability to pay.

The Defendant may pay any portion of this restitution from any wages earned in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program, although participation in the program is voluntary. The Defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which the Defendant might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the restitution that is not paid in full at the time of the Defendant's release from imprisonment shall become a condition of supervision.

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

The Court finds that the Defendant does not have the ability to pay interest and waives the interest in this case due to the Defendant's inability to pay.

The Court **ORDERS** the Defendant to pay the special assessment of $200.00 to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | NONE | $3,000.00 |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                                              Date


_____    _____
U.S. Probation Officer/Designated Witness                  Date